### O'CALLAGHAN v. BARRETT et al.

(Supreme Court, General Term, First Department. December 16, 1892.)

1. ASSIGNMENT OF MORTGAGE—PAYMENTS TO ASSIGNOR.

   An assignee of a mortgage, who gives no notice to the mortgagor, and does not record the assignment, is estopped to deny that payments made by the mortgagor to the mortgagee in good faith, after the assignment, should be applied on the mortgage debt.

2. EVIDENCE—HUSBAND AND WIFE.

   Proof of payment to the husband of a mortgagee is insufficient to establish a credit upon the mortgage debt, where the only evidence that the husband was authorized to receive payment for his wife is that of a single witness, who is directly contradicted by both the husband and wife.

3. SAME—FORECLOSURE—VARIANCE—PAYMENT—INTEREST.

   Upon suit to foreclose a mortgage, where interest is not claimed, no allowance can be made for a payment that is not pleaded in the answer, and which is not shown to have been made on account of the principal.

Appeal from special term, New York county.

Action by Catherine O'Callaghan against John J. Barrett and Thomas O'Callaghan, Jr., to foreclose a mortgage. Plaintiff obtained judgment. Defendants appeal. Affirmed.

The decision of the trial court in regard to the $80 payment referred to in the opinion was as follows: "The payment of eighty dollars must be disallowed, for two reasons: It is not pleaded in the answer; and, had it been, the absence of proof that it was made on account of principal makes it an interest payment, useless now because no interest is claimed to which it could have been applied."

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

Henry Daily, Jr., (James M. Smith, of counsel,) for appellants.
Sullivan & Cromwell, (Edward B. Hill, of counsel,) for respondent.

VAN BRUNT, P. J.  This action was brought to foreclose a mortgage made by the defendant Barrett to one Ann Pratt, and by her assigned to plaintiff.  The defendant Thomas O'Callaghan, Jr., is the owner of the equity of redemption.  The answer of defendant O'Callaghan set up a payment of $1,000 beyond the amount allowed by plaintiff, and the question principally litigated upon the trial was whether this payment was or was not made.  The assignment from Ann Pratt to plaintiff was made in 1884, though never recorded until February, 1890.  During this interval the defendant O'Callaghan, in ignorance of the assignment to plaintiff, paid to Ann Pratt interest and part of the principal.  The first knowledge that he had of the transfer or assignment of the mortgage would appear to have been just prior to the present action, which was begun in August, 1890.  It thus appears that the plaintiff stood by and allowed Ann Pratt to hold herself out as the owner of the bond and mortgage, and to receive payments both of principal and interest from the defendant O'Callaghan, and has thus estopped herself from claiming that any payments made to Ann Pratt should not be credited upon the bond and mortgage which were made before notice of the assignment.

We agree with the law invoked by the defendant, that where one allows another to have the appearance of ownership of personal property, and third persons, relying upon such appearance act, the real owner, as against such third parties, is estopped from repudiating the acts of one who has been clothed with the appearance of ownership.  We think, therefore, notwithstanding the assignment made by Ann Pratt to the plaintiff, that the latter's failure to take any steps, either by recording the instrument or bringing home notice to the defendant O'Callaghan of her ownership, and allowing Ann Pratt to act as though she were still the owner, would entitle the defendant to have credited as a payment on the bond and mortgage any sum paid to Ann Pratt, the same as though it were paid directly to the plaintiff.

But was the $1,000 paid to Ann Pratt?  The question is one of fact.  The burden was upon the defendant of showing such payment.  It is conceded that the payment of the $1,000 was not made either to the plaintiff or to Ann Pratt directly; and, in support of the burden placed upon the defendant, he testified that such payment was made by check to Daniel Pratt, the husband of Ann, and by the husband delivered as part payment on a contract for the purchase of a house by Daniel Pratt from one Moore.  It is not claimed that, when this payment was made to the husband, he had possession of the bond and mortgage; nor does defendant claim that he had any direct authority from plaintiff or from Ann Pratt to make any payment on the mortgage to Daniel Pratt.  He testified to conversations with plaintiff and Mrs. Pratt subsequent to the giving of the check to the husband, in which the question of their approval of the payment was discussed.  The defendant also testified that Daniel Pratt, at the time of making the contract for the purchase of the house from Moore, requested him to let him have the $1,000, saying

that his wife had told defendant's father to tell him (defendant) to pay him the money; that upon delivering the check he instructed the husband to indorse it upon the bond; and that in response to such request the husband stated that it would be all right,—"that whatever is paid to me is the same as is paid to Ann." Such testimony was neither competent nor binding on Ann Pratt. The husband could not, by his own declaration, prove that he was his wife's agent. Apart, however, from the effect to be given to the admissions or declarations of an agent, the case fails to disclose subsequent competent evidence to prove that Daniel was the agent of Ann Pratt. Assuming this statement to have been made by Daniel Pratt, there is no presumption that the husband is the agent for the wife. Smith v. Fellows, 41 N. Y. Super. Ct. 36; Hoffman v. Treadwell, 2 Thomp. & C. 57. In the absence, therefore, of competent testimony showing agency, neither the declarations of the husband, nor his acts in receiving the money, made the payment a payment to his wife.

Upon examining the testimony, it will be found that the defendant's reliance to support his claim of payment must stand or fall upon the testimony of his father, O'Callaghan, Sr. It is true that there is some other testimony whose tenor might be regarded as supporting the view that the payment was authorized. For instance the defendant himself testified that Pratt and his wife called upon him, and said they were going to buy a house, and that the defendant owed them $4,250 or $4,000, with which they could buy the house; and his subsequent testimony, that after the contract was signed the husband said to him that he (defendant) was to pay the $1,000 to Moore on the contract; that Ann (meaning his wife) "told your father this morning to tell you to pay me $1,000, or whatever money was needed on this contract,"— which statement the witness claims was verified by his father stating to him that it was all right. Notwithstanding such testimony, however, we think, with the learned trial judge, that this evidence of the witness O'Callaghan, Sr., is the only testimony directly connecting Ann Pratt with the payment prior to its being made. O'Callaghan, Sr., testified that, two or three days before the contract was made between Daniel Pratt and Moore, Ann Pratt told him to tell his son to pay the $1,000 to Pratt; and he further testified that she and the plaintiff afterwards approved it. This testimony was denied by Ann Pratt, and the husband, Daniel, not only denied that anything was said in respect to crediting such payment made to him upon the bond and mortgage at the time when the contract with Moore was made, but disclaimed any authority to receive money on the mortgage, and denied that he ever claimed any. There is thus a direct conflict of testimony, and there is no such great preponderance in favor of defendant as would justify us in disturbing, under well-settled rules of law, the conclusion of the trial court. It was, as already stated, incumbent upon the defendant to show the payment. His defense was an affirmative one, and it was his duty to support it by a preponderance of evidence. Conceding, therefore, all the defendant claims as to the law, the trial court, upon the conflicting evidence, has found against him upon the fact of the authority of the

husband to receive the payment for his wife. There is not presented a case wherein we would be justified in disturbing, upon the record, his conclusions.

In respect to the $80 payment, which was not pleaded, the disposition made thereof by the trial judge was the only proper one that, under the circumstances, could have been made. We are of opinion that the judgment must be affirmed, with costs. All concur.